FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASEY MATTHEW STRAIN,

Defendant.

No. 2:25-cr-00153-RLP

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER AND SETTING PRETRIAL RELEASE CONDITIONS

**ECF No. 48**

****USMS ACTION REQUIRED****

On November 2, 2026, the Court held a hearing on Defendant Casey Matthew Strain's Motion for Reconsideration of Detention Order. ECF No. 48. Assistant Federal Defender Adrien Fox represented Mr. Strain. Assistant United States Attorney Michael Ellis represented the United States.

## BACKGROUND

On October 9, 2025, a grand jury charged Mr. Strain with two counts of distribution of fentanyl and one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c). ECF No. 1.

The United States sought Mr. Strain's pretrial detention under 18 U.S.C. §§ 3142(e) and (f), reasoning that Mr. Strain's risk of nonappearance and risk to the safety of the community could not be mitigated by conditions of release. ECF No. 6. The United States invoked the rebuttable presumption of detention pursuant to § 3142(e) because Mr. Strain is charged with a drug offense with a maximum penalty of ten years of more. *Id.* At Mr. Strain's initial appearance, he waived his right to a detention hearing but reserved the right to revisit the issue of detention upon a showing of changed circumstances. ECF No. 13.

### I. First Motion to Reopen Detention Hearing

Mr. Strain subsequently sought to revisit his detention, and Magistrate Judge James A. Goeke held a hearing on Mr. Strain's First Motion to Reopen Detention Hearing on December 3, 2025. ECF Nos. 19, 22. Mr. Strain requested his release from custody to inpatient treatment with conditions. ECF No. 19. Mr. Strain reasoned that he had undergone a substance use evaluation and obtained a recommendation for inpatient treatment. *Id.* Mr. Strain asserted that the presumption of innocence, his limited request for release only to treatment, and his

lack of prior participation in rehabilitative programming supported his release and mitigated his risk of flight and danger to the community. *Id.* United States Probation/Pretrial Services recommended Mr. Strain's release to treatment on conditions. ECF No. 20. The United States opposed Mr. Strain's release, asserting Mr. Strain's history of failing to appear and convictions for witness tampering and bail jumping increased his risks of nonappearance and danger to the community. ECF No. 22. The United States also argued that the charged conduct relates to a death as a result of overdose, which increases the consequences faced by Mr. Strain if convicted, and increases his risk of nonappearance to avoid facing a potentially significant term of incarceration. *Id.* at 2.

Judge Goeke denied Mr. Strain's first motion for release to inpatient treatment. ECF No. 22. After considering the 18 U.S.C. § 3142(g) factors, Judge Goeke held that the nature and circumstances of the offense, the weight of the evidence, Mr. Strain's history and characteristics, and the nature and seriousness of the danger to the community weighed in favor of detention. *Id.* at 2–3. However, Judge Goeke found that Mr. Strain's history and characteristics also weighed in favor of release. *Id.* at 4–5.

Regarding the circumstances of the offense, Judge Goeke noted that the United States proffered that the offense conduct involved an overdose death and

distribution of controlled substances to a vulnerable person who Defendant allegedly knew was at risk of overdose. *Id.* at 3.

Regarding the weight of the evidence, Judge Goeke noted that the United States proffered there is "significant inculpatory evidence in the form of electronic communications." *Id.* at 3–4.

Regarding Mr. Strain's history and characteristics, Judge Goeke noted that Mr. Strain is 28 years old and has lived in Eastern Washington for most of his life. *Id.* at 4. Among other things, Judge Goeke noted Mr. Strain's history of a head injury and occasional seizures, as well as his long history of substance use beginning at the age of 14. *Id.* Judge Goeke noted that Mr. Strain was consuming fentanyl until his arrest in this case, and he last completed substance use treatment two years prior. *Id.*

Next, Judge Goeke detailed Mr. Strain's criminal history, including convictions for tampering with a witness, bail jumping, theft, resisting arrest, driving under the influence, failing to appear on 11 occasions, and failing to comply with court orders on 6 occasions. *Id.* Judge Goeke also noted that Mr. Strain had an active warrant related to pending charges for driving under the influence and driving while license suspended. *Id.* at 4–5. However, Mr. Strain indicated the active warrant was non-extraditable and non-volitional because he was in custody at the time of the failure to appear. *Id.* at 5.

Finally, regarding the nature and seriousness of the danger to the community posed by Mr. Strain's release, Judge Goeke noted that the charges are serious and Mr. Strain's criminal history includes "repeated violations of court orders and failures to appear." *Id.* After considering the § 3142(g) factors, Judge Goeke held that the United States met its burden of establishing that no conditions could be imposed to reasonably assure Mr. Strain's appearance and the safety of the community if Mr. Strain were released. *Id.* at 5–6. Thus, Judge Goeke denied Mr. Strain's motion for release to inpatient treatment. *Id.*

## II. Second Motion to Reopen Detention Hearing

Then, Mr. Strain filed a Second Motion to Reopen Detention Hearing, ECF No. 44, and a hearing was held before Judge Goeke on October 13, 2026, ECF No. 47. Again, Judge Goeke denied Mr. Strain's release. ECF No. 47. Mr. Strain had again requested his release to inpatient treatment. ECF No. 44. Mr. Strain reasoned that he resolved his pending state charges, and his probation terms in the state case required that he complete treatment. *Id.* The United States opposed Mr. Strain's release, but United States Probation/Pretrial Services had no objection. *Id.*

Mr. Strain argued again that he needed inpatient substance use treatment and that treatment and direct transportation to treatment would reasonably assure his appearance and community safety. *Id.* Judge Goeke incorporated his prior findings and held that the release plan failed to alter his prior findings that the United States

had met its burden of establishing that conditions could not be imposed to reasonably assure Mr. Strain's appearance and the safety of the community. ECF No. 47 at 3–4. Accordingly, Judge Goeke denied Mr. Strain's second motion for release. *Id.* at 4.

## III. Supplemental Pretrial Services Report

The Supplemental Pretrial Services Report prepared by United States Probation/Pretrial Services notes the following. Mr. Strain is 29 years old, was born in Washington, and has lived in Eastern Washington for most of his life. ECF No. 20 at 2. He has a good relationship with his father and one sibling. *Id.* Mr. Strain has been unemployed for the last two years, but when he does work, he usually works in the construction field. *Id.* Mr. Strain sustained a head injury a few years prior, which caused him to experience occasional seizures. *Id.* Mr. Strain reported that he began consuming controlled substances at 14 years old. *Id.* at 3. He has consumed marijuana, alcohol, heroin, oxycodone, methamphetamine, cocaine, ecstasy, LSD, and fentanyl. *Id.* He attended substance use treatment in California two years ago. *Id.* Mr. Strain has juvenile convictions for minor in possession and/or consumption. *Id.* In 2016 at 18 years old, Mr. Strain was convicted of tampering with a witness, second-degree driving while license suspended, bail jumping, criminal mischief, and second-degree driving while license suspended. *Id.* at 4. In 2018, Mr. Strain was convicted of third-degree theft

and resisting arrest. *Id.* at 5–6. In 2024, Mr. Strain was charged with driving under the influence and third-degree driving while license suspended. *Id.* at 6. Mr. Strain failed to appear for hearings in 2016, 2018, 2024, and 2025. *Id.* at 4–7.

Now, Mr. Strain presents this Court with an appeal of Judge Goeke's Detention Order, pursuant to 18 U.S.C. § 3145(b). ECF No. 48. Mr. Strain requests his release to inpatient substance use treatment. *Id.*

## LEGAL STANDARD

A person detained by a magistrate judge may file a motion for revocation or amendment of the detention order before the court having original jurisdiction over the offense. 18 U.S.C. § 3145. The district court reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).

Title 18 U.S.C. § 3142 governs pretrial release. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. § 3142(a). In order to detain a defendant under the statute, the United States must first establish eligibility to hold a detention hearing, then establish that detention is warranted.

Section 3142(f) governs eligibility to hold a detention hearing. If the defendant is charged with specific offenses listed in § 3142(f)(1), the Court shall hold a detention hearing. If the defendant is not charged with an enumerated offense, then the United States must establish that there is "a serious risk that [the defendant] will flee," § 3142(f)(2)(A), or "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror," § 3142(f)(2)(B).

If the United States has established eligibility to hold a detention hearing, then the Court considers whether detention is warranted under § 3142(e). The judicial officer shall order the defendant's detention if the United States shows either (1) by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required," or (2) by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." § 3142(e)(1); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community."). When determining whether conditions can be imposed to meet those criteria, the Court must consider the "§ 3142(g) factors": (1) "the nature and

circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g).

Additionally, § 3142(e)(3) imposes a rebuttable presumption of detention if there is probable cause to believe that the defendant committed certain offenses. One category of offenses where the presumption of detention applies is offenses in the Controlled Substances Act with maximum terms of imprisonment of ten years or more. § 3142(e)(3)(A). If there is probable cause of one of the enumerated offenses, the Court shall presume that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." § 3142(e)(3). The presumption is rebuttable by the defendant, *id.*, although in that case the presumption remains a factor "militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008).

## ANALYSIS

The Court conducts a de novo review of Judge Goeke's detention orders. § 3145; *Koenig*, 912 F.2d at 1191. The United States has established eligibility to hold a detention hearing under § 3142(f)(1)(C) because Mr. Strain is charged with controlled substance offenses under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), ECF No. 1,

which are offenses in the Controlled Substances Act with maximum terms of imprisonment of ten years or more. Additionally, the United States has demonstrated that the rebuttable presumption of detention applies under § 3142(e)(3)(A) for the same reasons that a detention hearing is proper. However, the United States agrees, and the Court finds, that Mr. Strain has rebutted the presumption of detention by presenting his plan for substance use treatment. Accordingly, the presumption must be considered along with the § 3142(g) factors, and the Court finds that, in total, those factors weigh in favor of release to substance use treatment.

Mr. Strain concedes that the first two § 3142(g) factors—the nature and circumstances of the offense and the weight of the evidence—weigh in favor of detention. ECF No. 48 at 6. And there is no doubt that the nature and circumstances of the offense are serious. The United States alleges that Mr. Strain's drug distribution led to an overdose death. However, the remaining two § 3142(g) factors—Mr. Strain's history and characteristics and the nature and seriousness of his danger to the community—remain at issue.

## I. Mr. Strain's history and characteristics, § 3142(g)(3)

Regarding Mr. Strain's history and characteristics, he asserts he: possesses substantial ties to the district; lacks means to flee; performs well under supervision; would benefit from treatment; resolved his pending state charges and warrant; and

acknowledges his criminal history. ECF No. 48 at 6–11. Specifically, Mr. Strain notes he is 29 years old and has been detained since August 20, 2025. *Id.* at 6. He asserts that during that time, he has participated in medication-assisted treatment, worked in the kitchen, and resolved an outstanding case and warrant. *Id.* He notes he has lived in Eastern Washington his entire life and has close familial relationships in the district. *Id.* He asserts that while on a six-month term of community supervision following a 2016 conviction, he did not violate his conditions of supervision. *Id.* at 7.

Next, Mr. Strain notes treatment will be beneficial to him. *Id.* at 8. He argues that although he participated in treatment in California approximately three years ago, the program did not result in his long-term sobriety because he was not connected with the appropriate relapse prevention care. *Id.* at 8–9. Additionally, he asserts that the forced sobriety through pretrial detention does not address the underlying circumstances that contribute to substance use and that will continue to exist in the future. *Id.* at 9–10.

Finally, Mr. Strain argues that while his criminal history includes witness tampering, bail jumping, criminal mischief, and failing to appear, this history must be considered with context. *Id.* at 7–8. Mr. Strain asserts that the conduct for his 2016 convictions for witness tampering, bail jumping, and criminal mischief occurred when he was 18 years old, approximately ten years ago. *Id.* at 7. He notes

that his subsequent criminal history does not include comparable offenses. *Id.* He also notes that there are no allegations of obstructive conduct in this case. *Id.*

Regarding his failure-to-appear history, Mr. Strain notes most of his history is remote and was primarily due to a lack of family support, being unable to drive, and doing drugs. *Id.* at 8. He asserts his most recent failure to appear in 2025 was non-volitional because he was in custody. *Id.*

In all, Mr. Strain argues his "lifelong local ties, current family support, lack of travel history or financial resources, the remoteness of the prior witness-related conduct, the contextual nature of his failure-to-appear history, resolution of the Grant County warrant and the availability of inpatient treatment" warrant release and "establish that conditions of release can reasonably assure both appearance and community safety." *Id.* at 10–11.

The Court finds that Mr. Strain's history and characteristics weigh in favor of release when considered in the context of Mr. Strain's limited request for release only to inpatient substance use treatment and subject to conditions of supervision. First, inpatient substance use treatment will likely benefit Mr. Strain due to his substance use and the likely connection between his substance use and his criminal history. Due to that connection, inpatient treatment will reduce Mr. Strain's risk of danger to the community. Mr. Strain has been using controlled substances since his childhood, ECF No. 14 at 3. He reported consuming fentanyl until his arrest in this

case. *Id.* He has only attended substance use treatment once in the past, and this occurred three years ago. *Id.*; ECF No. 48 at 8–9. Sobriety takes time and often takes multiple rounds of treatment. Mr. Strain asserts he has been forced into sobriety since being taken into pretrial custody in this case, and he reports he has been participating in medication-assisted treatment. *Id.* at 6. For those reasons, it appears that inpatient substance use treatment will be both beneficial and timely for Mr. Strain.

Second, although Mr. Strain is potentially facing serious consequences in this case, his risk of flight, and thus nonappearance, is mitigated by the fact that he has spent his entire life in this district. ECF Nos. 20 at 2; 48 at 6. And although he has failed to appear court several times, ECF No. 20 at 4–7, limited release to inpatient treatment resolves this concern. Additionally, Mr. Strain's most recent criminal charges relate to substance use, and his convictions involving obstructive behavior are dated. *Id.* There is also no indication that he failed to comply during his 2016 period of supervision. *Id.*; ECF No. 48 at 7. When considered with Mr. Strain's familial support, ECF Nos. 20, 48, these circumstances demonstrate that Mr. Strain's history and characteristics weigh in favor of release to inpatient treatment.

II. The nature and seriousness of the danger to any person or the community, § 3142(g)(4)

Regarding the nature and seriousness of the danger to any person or the community that would be posed by Mr. Strain's release, Mr. Strain notes that United States Probation/Pretrial Servies supports his release to treatment and that his criminal history does not contain any indications of violence. ECF No. 48 at 11. He asserts that his compliance in this case and his lack of a violent history demonstrates that conditions can be imposed to curb any risk to the community. *Id.* at 11-12.

The Court finds that this factor, the nature and seriousness of the danger to any person or the community, weighs in favor of release. Mr. Strain has no history of violence. ECF No. 20. Although the alleged circumstances of the offense in this case are grave, inpatient treatment directly addresses Mr. Strain's substance use that likely led to the conduct. And again, there is no evidence that Mr. Strain failed to comply while on supervision in the past. *See id.* For these reasons, the Court finds that limited release to inpatient treatment on strict conditions of supervision mitigates Mr. Strain's danger to the community.

CONCLUSION

When the § 3142(g) factors are considered in totality with the rebutted presumption of detention and Mr. Strain's request for release to inpatient treatment

on conditions of undergoing substance use treatment, submitting to random urinalysis testing, and participating in GPS location monitoring at the level of home confinement, as well as with the support of United States Probation/Pretrial Services, ECF No. 20, the Court finds that the United States has not established: (1) by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance" of Mr. Strain, or (2) by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." § 3142(e)(1); *Gebro*, 948 F.2d at 1121. Thus, Mr. Martinez's limited request for release to inpatient treatment is granted.

**IT IS ORDERED:**

1. Defendant's Motion for Reconsideration of Detention Order, **ECF No. 48**, is **GRANTED**.

2. **Defendant shall be temporarily released from the Spokane County Jail to a representative of Pioneer Human Services on Wednesday, November 4, 2026, at 10:00 a.m.. Defendant shall proceed directly to the United States Probation/Pretrial Services Office for installation of GPS location monitoring, then Defendant shall proceed directly to and enter treatment at Pioneer Center East.**

3. Defendant shall undergo any recommended substance abuse treatment at the treatment provider, as directed by the United States Probation/Pretrial Services Office. Prior to commencing the treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

4. If Defendant leaves before or during the transport to the treatment facility, after arrival to the treatment facility, or is terminated from treatment for any reason, the treatment facility personnel shall immediately notify the United States Probation/Pretrial Services Officer, who shall in turn immediately notify the Court.

5. Defendant shall be returned to the custody of the United States Marshals Service upon completion or termination of treatment, absent further order of the Court. Counsel for Defendant is advised to monitor the timing of Defendant's release from inpatient treatment and—prior to the release date—file a motion that advises the Court as to what measures would be in place for proposed

program in the community. This motion may be filed before this Court or Judge Goeke.

6. **While attending treatment, Defendant shall abide by the following conditions:**

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, tribal, state, or local law. Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government—or any federal, tribal, state, or local law enforcement agency—unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released.

5. Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6. Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(n).

**SPECIAL CONDITIONS OF RELEASE**

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

5. Defendant shall submit to random urinalysis testing as directed by the United States Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing that is required as a condition of release.

6. **<u>GPS Monitoring</u>:** Defendant shall participate in a program of GPS location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event Defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest, and detain the defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any location monitoring that is required as a condition of release.

7. **<u>Home Incarceration</u>:** Defendant shall be restricted to his residence at all times, except for medical necessities and court appearances or other activities specifically approved by the Court. This condition may be revisited if Defendant is subsequently released to the community following completion of treatment and has obtained employment.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

order and provide copies to counsel, U.S. Probation, and U.S. Marshals.

DATED November 2, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE